CHARLES W. NASS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2447. Decided November 27, 1926.

Deduction of losses alleged to have been sustained from sale of stock in the taxable year disallowed in the absence of proof of cost of stock sold.

*Zach Lamar Cobb, Esq.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the year 1919 in the amount of $2,277.96. The petitioner contends that the Commissioner erred in disallowing an alleged loss which he sustained in the taxable year upon the sale of certain stock acquired on March 1, 1915. The controversy arises from diverse valuations by the parties of such stock at date of its acquisition by the petitioner.

#### FINDINGS OF FACT.

The petitioner is an individual residing in Los Angeles, Calif. Prior to March 1, 1915, he resided at Providence, R. I., and was one of the stockholders and president and treasurer of the Nass Baking Co. On March 1, 1915, he disposed of his stock in such company, and received therefor preferred stock of the Dillman Bakeries, Inc., of the par value of $30,000. Sometime in the year 1919 he sold such preferred stock for $12,000.

In his income-tax return for the year 1919, the petitioner deducted from his gross income the amount of $18,000 as a loss sustained dur-

ing the year resulting from the sale of preferred stock of the Dillman Bakeries, Inc., of the par value of $30,000. Upon audit of such return the Commissioner disallowed such deduction on the ground that the cost of the stock sold was not established.

In his answer to the petitioner's petition the Commissioner avers that the tax in controversy was assessed in September, 1923, and that, on February 16, 1925, he notified the petitioner of the rejection of a claim for abatement of such assessment, which had been theretofore filed, and denies that, since the enactment of the Revenue Act of 1924, he has determined that any assessment should be made in respect of any income tax imposed by the Revenue Act of 1918 against this petitioner for the year 1919. On this contention the Commissioner moves that the appeal be dismissed.

OPINION.

LANSDON: In conformity with section 283 of the Revenue Act of 1926, the motion of the Commissioner praying that this appeal be dismissed is denied.

The petitioner contends that he acquired certain stock in 1915 at a cost of $30,000. He sold the same in 1919 for $12,000, and thereby sustained a loss in the amount of $18,000, which, he avers, he is entitled to deduct from his gross income for such year. Since the stock in question was acquired subsequent to March 1, 1913, he must prove its cost at date of acquisition. He has proven simply the par value of the stock at the time of its acquisition. This obviously does not necessarily represent cost, and we are therefore without any basis for the determination of gain or loss upon subsequent sale in the taxable year.

> *Judgment will be entered for the Commissioner.*